Martie Telford c/o Heidi Bell
9 Old Kings Rd. N. Ste 123
#1133
Palm Coast FL 32137
email: 60adamshailee@gmail.com

UNITED STATED DISTRICT COURT FOR THE DISTRICT OF

SOUTH CAROLINA, SPARTANBURG DIVISION

| | | |
|---|---|---|
| MARTIE TELFORD | : | Case No: 7:26-cv-05359-JDA-TER |
| Plaintiff | : | **MOTION TO EXPEDITE ISSUANCE OF SUMMONSES** |
| vs. | : | |
| **PATRICIA SANDERS, LPT REALTY, JEFF COOK REAL ESTATE, JEFF COOK, ROXANNE KEESE-JOHNSON, KIMBERLY CANTRELL, EARL MELTON CHIEF EXECUTIVE OFFICER OF SPARTANBURG WATER DR. GUY F. BOYLE in his official capacity** | : : : : | **MOTION TO EXPEDITE PLAINTIFF'S MOTION TO ELECTRONICALLY FILE** |
| **Defendants** | : | |

---

COMES NOW Plaintiff to move this court to issue the summons without further delay. This motion is made because Plaintiff and her sisters are currently without housing and need to expedite service of their complaint now upon the owner of the advertised accessible home – to hopefully encourage settlement issues with that party only and thereby access the property sooner. Plaintiff also moves to expedite her motion to electronically file, recorded as Document no. 3 into the record.

Furthermore, a handbook regarding pro se litigants published on the courts website appears to come into conflict with local federal rules and statutes. That handbook states in

material part:

> Once a case is opened, it is sent to the assigned magistrate judge for his/her review. Only after the magistrate judge has reviewed the case, determined that all the required forms have been submitted, and found the case to have a legal and factual basis will the case be allowed to proceed and the summons(es) "issued." A plaintiff will usually hear from the court with regard to his/her case **within a month after its filing.**
>
> Although you have the right of access to this court, you do not have the right to proceed on a "frivolous" claim. THE COURT HAS THE ABILITY, AND THE DUTY, UNDER BOTH STATUTORY AND CASE LAW, TO DISMISS A CLAIM IT DEEMS TO BE FRIVOLOUS. Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a case brought IFP upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." Denton v. Hernandez , 504 U.S. 25 (1992). Because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, any dismissal does not prejudice the filing of a paid complaint making the same allegations.

In re DENTON as the court's citation references, appears to conflict with the court's ability to review a complaint for it's merit – when the complaint is a fee- paid complaint. More pointedly, the 4th circuit in re Farley v. West Virginia Dept. of Military Affairs, 935 F.2d 1286 (4th Cir. 1991) held that while a district court has the statutory authority to screen and sua sponte dismiss actions filed in forma pauperis (for free) under 28 U.S.C. § 1915, **"it does not possess the authority to sua sponte dismiss a complaint before service of process when the plaintiff has paid the filing fee."**

Such is the case here. Plaintiff paid the filing fee and filed all necessary papers to get the instant action rolling. . . including the required summonses. It is Plaintiff's desire to immediately serve one defendant in particular to put a stop plug into ongoing damages as to this defendant and hopefully cure the housing crisis created by the torts committed by all of the defendants herein. The policies under the Pro Se packet prevent Plaintiff and her sisters from immediately mitigating further damages. Finally, the court's "Pro Se manual rules" seemingly violates both the local rules, the federal rules and the IFP statute.

As set forth supra, the IFP statute, 28 U.S.C. § 1915(e)(2)(B) applies only to litigants whom don't pay a filing fee. That statute is therefore inapplicable to Plaintiff.

FRCP Rule 12(b)(6) provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But **a party** may assert the following defenses by motion:
>
> (6) failure to state a claim upon which relief can be granted.

**The foregoing rule is directed at a party, not the court.** The Pro Se pleading packet printed online, purports to interfere with the party presentation doctrine AFTER the party has paid their fees and also purports to strip Pro Se plaintiffs of the right to an adversary proceeding with the opposing party to determine the outcome of their claims, . . . not to mention seemingly converts the Magistrate into the defendant's buffering attorney, as opposed to an impartial arbiter. . . in violation of *Hagans v. Lavine*, 415 U.S. 528, 536–43 (1974); Sineneng-Smith, 590 U.S. 371 (2020); Clark v. Sweeney, 607 U.S. 7 (Nov. 24, 2025), and Margolin v. National Association of Immigration Judges, No. 25–767 (U.S. May 26, 2026).

Further, FRCP Rule 4(b) states:

> (b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.
>
> Local Civil Rule 4.01 addresses timely service: if a defendant has not been served within 90 days after the pleading is filed, the filing party must submit a status report explaining who remains unserved and why.

This court's 30 day window before authorizing issuance of summonses to Pro Se plaintiffs, purports to prejudicially shave 30 days off of plaintiff's service period of 90 days under rule 4(m), but yet allow attorney represented Plaintiffs the full 90 days. In Plaintiff's

view, this prejudice presents a class-of-one equal protection violation.

Finally, Federal Rules of Civil Procedure Rule 83 (a)(1) provides:

A local rule must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075.

This court's delaying issuance of Plaintiff's summonses and purporting to dismiss fee paid complaints as frivolous for alleged failure to state a claim upon which relief can be granted, is inconsistent with a number of federal rules and statutes, thereby rendering the manual preempted and void . . . at least as applied to Plaintiff.

Finally as Plaintiff asserted before, is familiar with the ECF filing procedures, has had an account with PACER for at least 6 years, and should be allowed to file electronically, especially since plaintiff's presentation involves inculpitory pictures which detail the lies attaching to the subject property advertised as exceptional accessible waterfront property providing "blue spaces" for the treatment of severe PTSD suffered by a high percentage of disabled veterans.

## CONCLUSION

For all of the foregoing reasons, Plaintiff therefore respectfully requests that the magistrate court immediately direct the deputy clerks to issue the summonses that Plaintiff submitted at the outset and to approve Plaintiff for electronic filing.

Dated: 11/8/2026

Martie Telford

Martie Telford
Attorney Pro Se

Certificate of Service

No defendant has yet appear so the paper is being served on the clerk of court only.

with an additional copy this 8th Day of November, 2026.

Martie Telford

Martie Telford
Attorney Pro Se