IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Martie Telford,<br><br>Plaintiff,<br><br>vs.<br><br>Patricia Sanders, LTP Realty, Jeff Cook Real Estate, Jeff Cook, Roxanne Keese-Johnson, Kimberly Cantrell, Earl Melton, and Dr. Guy F. Boyle,<br><br>Defendants. | ) | C/A No.: 7:26-cv-5359-JDA-TER<br><br>ORDER |

This matter is before the court on review of a complaint filed by a pro se litigant. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), all pretrial motions have been referred to the undersigned for disposition. For the reasons explained below, the undersigned hereby denies Plaintiff's motion to electronically file all process before this court (ECF No. 3), denies her motion to expedite issuance of summonses (ECF No. 13), and directs Plaintiff to show cause why sanctions should not be entered against her for violating Fed. R. Civ. P. 11(b).

On November 2, 2026, the Clerk docketed a complaint identifying "Martie Telford" as "Plaintiff" and asserting she is "a physically handicapped and vulnerable adult." (ECF No. 1). The complaint alleges causes of action for violations of the Federal Fair Housing Act and the South Carolina Fair Housing law, "attempted financial exploitation of a vulnerable disabled adult and psychological abuse" in violation of S.C. Code Ann. § 43-35-10(3) and allegedly actionable pursuant to S.C. Code §43-35-80(a), and civil conspiracy and seeks various forms of declaratory, injunctive, equitable, and monetary relief against Defendants Patricia Sanders, LPT Realty, Jeff Cook Real Estate, Jeff Cook, Roxanne Keese-Johnson, Kimberly Cantrell, Earl Melton, and

Chief Executive of Spartanburg Water Dr. Guy F. Boyle. *Id.* Although "Martie Telford" is identified as Plaintiff, the complaint primarily concerns her sister's interactions with Defendants between October 10, and October 22, 2026, regarding a self-drafted purchase contract for a home, allegedly for Plaintiff and herself, in Chesnee, South Carolina.

Plaintiff is hereby placed on notice that the allegations in the complaint are legally frivolous and subject to summary dismissal. A complaint is deemed frivolous when it is "clearly baseless" and includes allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In reviewing for frivolousness, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004); *see Neitzke v. Williams*, 490 U.S. 319, 325, (1989("A suit is frivolous if it lacks an arguable basis in law or fact."); *Feurtado v. McNair,* No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 Fed. Appx. 303 (4th Cir. 2007).

In addition, Plaintiff's filing contains multiple discrepancies. The complaint includes the following contact information: "Martie Telford c/o Heidi Bell[,] 9 Old Kings Rd. N. Ste. 123[,] #1133[,] Palm Coast FL 32137[,][1] email:60adamshailee@gmail.com." It contains the following verification signed by "Martie Telford": "I, Martie Telford, verify under penalty of perjury that the foregoing is true and correct pursuant to 28 USC section 1927(2),[2] executed this 27th day of

---

[1] This address appears to be affiliated with a commercial shopping center that contains a Staples retail store, as opposed to a residential address. *See* Staples.com, Store Locator, https://stores.staples.com/fl/palm-coast/9-old-kings-road (last visited Nov. 6, 2026).

[2] The court notes that 28 U.S.C. § 1927 does not include a second paragraph and provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

October, 2026." *Id.* at 38. The complaint was accompanied by a "MOTION FOR LEAVE TO ELECTRONICALLY FILE ALL PROCESS BEFORE THIS COURT" (ECF No. 3), and a check for the filing fee of $405. In the motion "Martie Telford" states she "has had a PACER account for over 4 years" and "is a wheelchair bound disabled veteran of senior years and is presently residing out of the state of Florida." *Id.* As shown below, the check remitted for payment of the filing fee was issued by Aspen Federal Credit Union, 4956 5th Street, Rapid City, SD 57701 and includes the following "MEMO: Hollie Lundahl."




These discrepancies suggest that the address provided may not be legitimate and that "Martie Telford" may not be the actual plaintiff in this case.

Records from courts throughout the United States reveal that Hollie Lundahl ("Lundahl"), the person identified in the memo of the payment check, has used multiple aliases including "Holli Lundahl," "H.M. Telford," "M.H. Telford," "Marti Telford," "Holli Lundha," "H. Lundahl," "H.T. Lundahl," "Marti Lundahl," "Holly Mattie Telford," "H. Lundahl," "Holli Telford," and "H. Lundahl Telford" to file civil actions. *See Lundahl v. Nar Inc.*, 434 F. Supp. 2d at 860 n.2 (D. Id. 2006); *Telford v. Brown*, No. 4:05-cv-460-RCT, 2006 WL 8846105, at *1 (D.

---

reasonably incurred because of such conduct."

Id. Apr. 7, 2006); *Nelson v. Mountain West Farm Bureau Mutual Insurance Company*, 209 F. Supp. 3d 1130 (D. Neb. 2016); *Noble v. American National Property & Casualty Insurance Co.*, 297 F Supp. 3d 998 (D.S.D. 2018). The United States Court of Appeals for the Tenth Circuit explained: "The district court acknowledges that Holli Lundahl has a sister named Marti Lundahl. Nevertheless, the court noted that it was 'also apparent Holli Lundahl simply uses her sister as a pawn in Holli's vexatious litigation tactics' and cited similar activities in a previous case in the same court." *Lundahl v. Global E. LLC*, 643 F. App'x 752, 753 (10th Cir. 2016).

For decades, Lundahl has initiated abusive litigation in numerous courts throughout the United States. *Lundahl v. Quinn*, 67 P.3d 1000, 1002 (Utah 2003) ("Holli has chosen to make legal self-representation a full-time hobby, if not a career" and "has occasionally employed the right to self-representation in a questionable manner" having "acquired another person's cause of action by assignment and then has professed to represent that cause of action in her own right."); *In re Holli Lundahl*, No. 05-253, Order (D. Utah July 8, 2004) ("Since 1989, Ms. Lundahl has filed or been a party to twenty-eight (28) cases [in the Utah state courts], many of which have been determined to be wholly without merit, frivolous and harassing."); *Lundahl v. Nar Inc.*, 434 F. Supp. 2d 855, 860 n.2 (D. Id. 2006) ("In response to its request for information regarding the nature and extent of Plaintiff's vexation litigation practices, this Court received many filings establishing that Lundahl consistently and repeatedly engages in abusive, repetitious, and meritless filings."). Multiple courts, including the United States Supreme Court have enjoined Lundahl's ability to file, and at least one court has enjoined "Martie Telford's" ability to file. *See, e.g.*, *Lundahl v. Eli Lilly & Co.*, 544 U.S. 997 (2005) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition

submitted in compliance with Rule 33.1."); *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963, at *2 (10th Cir. June 8, 2005) (enjoining Holli Lundahl and other plaintiffs "from proceeding as petitioners in an original proceeding or as appellants in this court unless they are represented by a licensed attorney admitted to practice in this court or unless they first obtain permission to proceed pro se" by taking certain enumerated actions); *Telford v. Lyon*, No. CV W-10-CA-154, 2010 WL 11601285, at *2, 3 (W.D. Tex. Aug. 11, 2010), report and recommendation adopted, No. CV W-10-CA-00154, 2010 WL 11601262 (W.D. Tex. Oct. 5, 2010) (enjoining "Plaintiffs Marti Telford, Holli Telford/Lundahl and Cindy Christensen from filing any civil suit in any federal district court in Texas without first obtaining permission from a district judge in this district" and stating "[v]arious courts around the country have imposed filing restrictions on Lundahl, including the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, The United States Court of Appeals for the Tenth Circuit, the United States District Court for the District of Idaho, the United States District Court for the District of Utah, the Supreme Court of Utah, and the Western District of Texas.").

In addition to being subject to various filing injunctions, Lundahl has been convicted of multiple federal crimes and appears to be on federal probation. On August 21, 2021, "Holli Telford Lundahl" was sentenced to terms of imprisonment of 12 months to be served concurrently for three counts of Health Care Fraud and Aiding and Abetting in violation of 18 U.S.C. § 1347 and § 2 (Counts 1-3) and 24 months to be served concurrently for two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and § 2 (Counts 4 and 5). *United States of America v. Lundahl*, No 20-CR-48-1F (D. Wyo. Aug. 25, 2021). She was also sentenced to a term of supervised release of three years as to Counts 1–3 and one year as to Counts 4 and 5, to be served concurrently. *Id.* "Holli Lundahl" was subsequently convicted in the

United States District Court for the District of South Dakota for theft of government property in violation of 18 U.S.C. § 641 and of Supplemental Security Income benefits fraud in violation of 42 U.S.C. § 1383a(a)(3)(A), and sentenced on October 19, 2021, to a total term of "18 months on Count 1, 18 months on Count 2, to run concurrently to each other" and "consecutive to the undischarged term of imprisonment in U.S. District Court, District of Wyoming, case number 20-00048." *United States v. Holli Lundahl*, No. 5:19-cr-50156 (D.S.D. Oct. 19, 2021). She was sentenced to a term of supervised release of three years on each count, to be run concurrently. *Id.* Information on the website for the Federal Bureau of Prisons ("BOP") shows that Lundahl was released from BOP custody on January 17, 2025. Federal Bureau of Prisons, Find an inmate. https://www.bop.gov/inmateloc (last accessed Nov. 6, 2026). On March 30, 2026, United States District Judge Nancy D. Freudenthal entered an order transferring supervision of Lundahl to the District of South Dakota, as Lundahl was "living in South Dakota," "being supervised by the District of South Dakota," and "ha[d] no intention of returning to Wyoming." *United States of America v. Lundahl*, No 20-CR-48-1F, ECF No. 360 (D. Wyo. Apr. 14, 2026).

Pursuant to Fed. R. Civ. P. 11(b):

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous legal argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, as reasonably based on belief or a lack

of information.

Given the evidence cited above and the allegations in the complaint, the court has reason to conclude that: (1) "Martie Telford" is not the real party in interest in this action; (2) the complaint was filed by Lundahl; (3) the complaint was filed for an improper purpose; and (4) the claims and legal contentions are not warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Therefore, Plaintiff is hereby placed on notice pursuant to Fed. R. Civ. P. 11(c) that it is considering imposing sanctions and orders her to show cause by **December 8, 2026**, why the conduct specifically described in the order has not violated Rule 11(b).

The court hereby denies Plaintiff's motion for leave to electronically file all process before this court (ECF No. 3). The District of South Carolina's local civil rules and electronic case filing policies and procedures specifically provide that a pro se party may not register as a "filing user" to file electronically in the ECF system; rather, a pro se party **shall file papers in the Traditional Filing Method**.[3] *See* Local Civil Rule 5.02(B) and Electronic Case Filing Policies and Procedures, http://www.scd.uscourts.gov/AttorneyResourceManuals/ECF/ECF_Policy_and_Procedures.pdf (emphasis in original).

The court further denies Plaintiff's motion to expedite issuance of summonses (ECF No. 13). Although Plaintiff argues this court must authorize issuance and service of process because the filing fee has been paid, she is incorrect, as the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam). As noted above,

[3] The "Traditional Filing Method" means filing original paper documents bearing the signature of the pro se party.

Plaintiff's action is subject to summary dismissal as it is frivolous. Therefore, the court denies Plaintiff's motion to expedite issuance of summonses.

Plaintiff must place the civil action number listed above (C/A No.: C/A No.: 7:26-cv-5359-JDA-TER) on any document provided to the court pursuant to this order. Any future filings in this case must be sent to: United States District Court, Matthew J. Perry, Jr United States Courthouse, 901 Richland Street, Columbia, SC 29201.

Plaintiff has submitted several filings that appear to contain a scanned signature. Plaintiff is advised that all documents requiring her signature shall be signed with her full legal name written in her own handwriting. Pro se litigants shall not use the "s/typed name" format used in the Electronic Case Filing System.

In all future filings with this court, Plaintiff is directed to use letter-sized (eight and one-half inches by eleven inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

As a pro se litigant, Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised in writing (United States District Court, Matthew J. Perry, Jr United States Courthouse, 901 Richland Street, Columbia, SC 29201) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If, as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

IT IS SO ORDERED.

s/Thomas E. Rogers III
Thomas E. Rogers III
United States Magistrate Judge

November 17, 2026
Columbia, South Carolina